**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2009-NMCA-122**

**Filing Date: June 18, 2009**

**Docket No. 29,239**

**DEBRA DICKENS, as Personal**
**Representative of the Estate of**
**RUTH HOWE, Deceased,**

      **Plaintiff-Appellant,**

**v.**

**LAUREL HEALTHCARE, LLC, d/b/a**
**LAUREL VIEW HEALTHCARE, SKILLED**
**HEALTHCARE GROUP, LLC and**
**THE REHABILITATION CENTER OF**
**ALBUQUERQUE, LLC,**

      **Defendants-Appellees.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Richard Knowles, District Judge**

Harvey Law Firm, LLC
Dusti D. Harvey
Feliz A. Rael
Jennifer J. Foote
Albuquerque, NM

for Appellant

Keleher & McLeod, P.A.
Mary Behm
Spring V. Schofield
Albuquerque, NM

for Appellee Laurel Healthcare, LLC

Rodey, Dickason, Sloan, Akin
 & Robb, P.A.

W. Robert Lasater, Jr.
Edward Ricco
MacDonnell Gordon
Albuquerque, NM

for Appellees Skilled Healthcare Group, Inc. and the
  Rehabilitation Center of Albuquerque, LLC

## OPINION

**VIGIL, Judge.**

**{1}**     Plaintiff's decedent was a resident at Laurel View Healthcare, a nursing home facility which Defendants owned and operated at different times.  As personal representative of decedent, Plaintiff filed a complaint for personal injury and wrongful death against Defendants.  Defendants filed motions to dismiss the complaint and compel arbitration, relying on the agreement Decedent signed when she became a resident at Laurel View Healthcare.  The district court granted the motions, dismissed the complaint with prejudice, and ordered Plaintiff to pursue her claims by means of arbitration.  Plaintiff then filed a timely motion to alter or amend the judgment under Rule 1-059(E) NMRA and requested a hearing on the motion.

**{2}**     In our calendar notice we proposed to dismiss the appeal for lack of a final order. In response, we received a memorandum in opposition to our proposed disposition from Skilled Healthcare Group, LLC[1] and the Rehabilitation Center of Albuquerque (the Skilled Healthcare defendants) and a memorandum in support of our proposed disposition from Plaintiff.  We have considered the arguments in opposition to proposed dismissal, but we are not persuaded that the order in this case is final and appealable at this time.  We therefore dismiss the appeal.

**{3}**     Plaintiff filed her Rule 1-059(E) motion on December 4, 2008.  The Skilled Healthcare defendants filed a response to the motion on December 12, 2008, and Defendant Laurel Healthcare, LLC filed a response to the motion on February 6, 2009.  Plaintiff filed a notice of appeal on Monday, January 5, 2009, divesting the district court of jurisdiction over the case.  *See Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 241, 243-44, 824 P.2d 1033, 1043, 1045-46 (1992) (holding that the filing of a notice of appeal does not divest the district court of jurisdiction to decide collateral matters or matters that are separate from the

---

[1]Defense counsel advises us that no entity by the name of "Skilled Healthcare Group, LLC" exists, and that the true name of this defendant is "Skilled Healthcare Group, Inc." Assuming this is true, no motion has been filed in the district court or in this court to change this defendant's name in the caption.  Accordingly, we refer to this defendant as Skilled Healthcare Group, LLC.

issues that were resolved in the order appealed, but does divest the district court of jurisdiction to address motions that request further action that will affect the judgment appealed). At the time the notice of appeal was filed, the district court had not ruled on Plaintiff's Rule 1-059(E) motion.

**{4}** The Rule 1-059(E) motion filed in this case was a motion asking the district court to alter or change the same order which was on appeal before this Court. Therefore, the filing of the motion rendered the order not final for purposes of appeal. *Kelly Inn No. 102*, 113 N.M. at 238, 824 P.2d at 1040 ("Where a judgment declares the rights and liabilities of the parties to the underlying controversy, a question remaining to be decided thereafter will not prevent the judgment from being final if resolution of that question will not alter the judgment or moot or revise decisions embodied therein."). Our Supreme Court has held that a motion under Rule 1-059(E) is not subject to automatic denial after thirty days. *See Albuquerque Redi-Mix, Inc. v. Scottsdale Ins. Co.*, 2007-NMSC-051, ¶¶ 12-13, 142 N.M. 527, 168 P.3d 99. Instead, in a case where a Rule 1-059(E) motion has been filed, the time for filing a notice of appeal runs from the date of entry of an order that expressly disposes of the motion. *Albuquerque Redi-Mix, Inc.*, 2007-NMSC-051, ¶ 16; *see also Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 8, 145 N.M. 650, 203 P.3d 865 (explaining that, if a party makes a post-judgment motion directed at the final judgment pursuant to NMSA 1978, Section 39-1-1 (1917), the time for filing an appeal does not begin to run until the district court enters an express disposition on that motion). In our calendar notice, we proposed to hold that because the district court had no opportunity to rule on Plaintiff's Rule 1-059(E) motion, the appeal was premature and should be dismissed. We proposed to remand to allow the district court to address Plaintiff's motion, and we noted that Plaintiff will have the opportunity to appeal from a final order which may result in accordance with the Rules of Appellate Procedure.

**{5}** The Skilled Healthcare defendants claim that Plaintiff "gave every indication" that she "no longer desired" that her motion be ruled upon, but that she wanted to proceed immediately with an appeal. In support of their claims, the Skilled Healthcare defendants point out that Plaintiff did not file a reply to the responses to her motion, she did nothing to have the motion addressed before the district judge retired at the end of 2008, and she did not claim that the district court erred by failing to rule on the motion. The Skilled Healthcare defendants assert that we have routinely accepted jurisdiction in cases where post-judgment motions have not been ruled on before a notice of appeal is filed. According to the Skilled Healthcare defendants, this Court has, in the past, decided that the motion is waived or abandoned when a party files a notice of appeal before a post-judgment motion has been decided. The Skilled Healthcare defendants also argue that the cases relied on in our calendar notice are not applicable to the circumstances of this case, and that our proposed disposition creates a barrier to appeal for the unwary.

**{6}** In light of the decisions in *Albuquerque Redi-Mix* and *Grygorwicz*, we reject the Skilled Healthcare defendants' claim that Plaintiff impliedly abandoned her Rule 1-059(E) motion. By arguing that Plaintiff's Rule 1-059(E) motion has been impliedly abandoned or

3

withdrawn, the Skilled Healthcare defendants appear to advocate the untenable situation where neither this Court nor the parties would know when a post-judgment motion has been withdrawn, or consequently, when a notice of appeal should be filed. Furthermore, while the cases that we relied on do not precisely address the issue of finality in connection with the filing of a Rule 1-059(E) motion, the holdings of our Supreme Court in *Albuquerque Redi-Mix* and *Grygorwicz* establish that a Rule 1-059(E) motion be expressly disposed of before the time for filing the notice of appeal begins to run. As we read those cases, when a Rule 1-059(E) motion, or other motion that challenges the district court's determination of the rights of the parties, is pending in the district court, the judgment or order entered by the district court remains non-final. *Cf. Grygorwicz*, 2009-NMSC-009, ¶ 8. Plaintiff filed a post-judgment motion that attacked the district court order, and that could alter, amend, or moot the order entered by the district court. Therefore, the order is not final and Plaintiff's appeal is premature.

{7}     For the reasons discussed above and in our calendar notice, we dismiss Plaintiff's appeal for lack of a final order. We remand this case to the district court for further proceedings.

{8}     **IT IS SO ORDERED.**

 

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**Topic Index for *Dickens v. Laurel Healthcare*, No. 29,239**

| | |
|---|---|
| **AE** | **APPEAL AND ERROR** |
| AE-AO | Appealable Order |
| AE-AJ | Appellate Jurisdiction |
| AE-DA | Dismissal of Appeal |
| AE-WE | Writ of Error |
| | |
| **CP** | **CIVIL PROCEDURE** |
| CP-FO | Final Order |
| CP-MN | Motion for New Trial |