This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**DAVID G. SEGURA,**

　　Plaintiff-Appellant,

v.                                                      **NO. 31,282**

**BEN F. QUINTANA,**

　　Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Raymond Z. Ortiz, District Judge**

Garber and Hallmark, P.C.
Cullen Hallmark
Santa Fe, NM

for Appellant

Jose A. Sandoval
Española, NM

for Appellee

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

　　Appellant David Segura (Plaintiff) appeals from the March 31, 2011, "findings

of fact, conclusions of law and judgment" (the judgment). [RP 261, 271] The notice proposed to dismiss for lack of a final order, and Plaintiff filed a timely memorandum in opposition. We are not persuaded by Plaintiff's arguments, and therefore dismiss for lack of a final order.

Plaintiff appeals from the March 31, 2011 judgment. [RP 261, 271] However, subsequent to entry of the judgment, Plaintiff filed an April 13, 2011, "motion to reconsider findings of fact and conclusions of law" (the motion). [RP 268] Prior to the district court ruling on the motion, Plaintiff filed an April 28, 2011 notice of appeal. [RP 271] Although the district court held a hearing on the motion [DS 1], it declined to consider the merits of the motion because, set forth in its June 13, 2011, order, Plaintiff's pending appeal divested it of jurisdiction to consider the motion for reconsideration. [RP 298]

As provided in our notice, we view Plaintiff's motion as falling within the purview of NMSA 1978, Section 39-1-1 (1917), which provides that "[f]inal judgments and decrees, entered by district courts in all cases tried pursuant to the provisions of this section shall remain under the control of such courts for a period of thirty days after the entry thereof, and for such further time as may be necessary to enable the court to pass upon and dispose of any motion which may have been filed within such period, directed against such judgment[.]" Because Plaintiff's April 28,

2

2011 notice of appeal [RP 271] was filed before the district court ruled on the motion, we view the notice of appeal as prematurely filed. *See Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 8, 145 N.M. 650, 203 P.3d 865 (recognizing that "if a party makes a post-judgment motion directed at the final judgment pursuant to Section 39-1-1, the time for filing an appeal does not begin to run until the district court enters an express disposition on that motion"). We thus agree with the district court's assessment that it lacked jurisdiction to consider the merits of the motion. [RP 298] *See Dickens v. Laurel Healthcare, LLC,* 2009-NMCA-122, ¶ 6, 147 N.M. 303, 222 P.3d 675 (holding that because resolution of the post-judgment motion could alter, amend, or moot the order that is challenged, the order is not final and the appeal is premature). We acknowledge Plaintiff's position [MIO 3] that, rather than viewed as a Section 39-1-1 motion, the motion instead should be viewed as a motion pursuant to either Rule 1-052(D) NMRA (providing that "[u]pon motion of a party made not later than ten (10) days after entry of judgment, the court may amend its findings or conclusions or make additional findings and conclusions and may amend the judgment accordingly") or Rule 1-059(E) NMRA (providing that "[a] motion to alter or amend the judgment shall be served not later than ten (10) days after entry of the judgment"). Plaintiff argues that the motion should be viewed as such because it "seeks an amendment of the trial court's findings and conclusions." [MIO 3] Under such characterization,

Plaintiff points out that the motion was untimely filed because it was filed outside the requisite ten-day time-frame as required by both Rule 1-052(D) and 1-059(E). [MIO 3] In such instance, Plaintiff argues, he was compelled to file his notice of appeal within thirty days of the March 31, 2011 order. [MIO 3] In support of his argument, Plaintiff relies on the language of Rule 12-201(D) NMRA, which in pertinent part provides: "[i]f a party *timely files* a motion pursuant to Section 39-1-1 NMSA 1978, Paragraph B of Rule 1-050 NMRA, Paragraph D of Rule 1-052 NMRA, or Rule 1-059 NMRA, the full time prescribed in this rule for *the filing of the notice of appeal shall commence to run and be computed from the entry of an order expressly disposing of the motion.*" (emphasis added). Stated another way, Plaintiff argues that he did not and could not wait for an order expressly disposing of the motion because the motion was not timely filed in the first place, and therefore lacked effect.

We disagree with Plaintiff's argument. The motion [RP 268] specifically asks the district court to "reconsider" rather than amend [RP 270] its findings and conclusions, thereby leading us to conclude that the motion is akin to a motion for reconsideration. In addition, because the motion does not specifically reference Rule 1-052 or Rule 1-059, and because it was filed outside the requisite ten-day period for these Rules, it may be properly considered as a motion falling within the purview of Section 39-1-1. *See, e.g., Albuquerque Redi-Mix, Inc. v. Scottsdale Ins. Co.,*

4

2007-NMSC-051, ¶¶ 7-10, 142 N.M. 527, 168 P.3d 99 (recognizing that, when considering how a post-judgment motion should be characterized, nomenclature is not controlling and instead the determinative factor is the time frame in which the motion was filed). Thus, because the motion was filed outside the requisite ten-day period for Rules 1-052(D) and 1-059(E), but within the requisite thirty-day period for Section 39-1-1, it is appropriately viewed as a Section 39-3-1 post-judgment motion to reconsider. *See Chapel v. Nevitt*, 2009-NMCA-017, ¶ 18, 145 N.M. 674, 203 P.3d 889 (stating that "[b]ecause a motion for reconsideration filed within ten days of the final judgment is deemed to be a Rule 1–059(E) motion, a motion filed outside of the ten-day period should logically be deemed to have been filed under Section 39–1–1, which only requires motions to be filed within thirty days of the final judgment"). As a result, as provided in Rule 12-201, the notice of appeal is appropriately filed from entry of an order expressly disposing of Plaintiff's Section 39-1-1 post-judgment motion. Consistent with the foregoing, we note that although the district court held a hearing on the motion [DS 1; MIO 3], as stated in its June 13, 2011 "order on motion to reconsider" [RP 298], it declined to either grant or deny the motion on the stated basis that Plaintiff's pending appeal divested it of jurisdiction to consider the merits of the motion.

**Conclusion.** Because an outstanding matter remains to be ruled upon, we

dismiss for lack of a final order. In such instance, we note that as a consequence of our dismissal, the district court will have jurisdiction to consider the merits of the motion at issue.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**LINDA M. VANZI, Judge**