This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MICHAEL R. TEETER,**

Petitioner-Appellant,

v.                                                            **No. 31,603**

**MELANIE J. TEETER,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**John F. Davis, District Judge**

L. Helen Bennett
Albuquerque, NM

Mary E. Chappelle
Albuquerque, NM

for Appellant

Sanford Siegel
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Petitioner-Appellant Michael Teeter (Petitioner) seeks to appeal from a final decree of dissolution of marriage. We issued a notice of proposed summary disposition, proposing to dismiss the appeal for want of a final order. Petitioner has filed a memorandum in opposition. After due consideration, we remain unpersuaded that this matter is properly before us. We therefore dismiss.

As we explained in the notice of proposed summary disposition, the right to appeal is generally restricted to final judgments and decisions. *See* NMSA 1978, § 39-3-2 (1966); *Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 234-40, 824 P.2d 1033, 1036-42 (1992). Whether an order is final, such that appeal is statutorily authorized, is a jurisdictional question that this Court is required to raise on its own motion. *Khalsa v. Levinson*, 1998-NMCA-110, ¶ 12, 125 N.M. 680, 964 P.2d 844.

Below, Petitioner filed a post-judgment motion for reconsideration. [RP 162] The motion has not been considered on its merits or expressly ruled upon, as required. *See* Rule 5-121 NMRA, Committee Commentary to 2009 amendment (explaining that the 2009 amendment is "intended to make clear that the automatic denial provision in Section 39-1-1 NMSA 1978 has no application in cases subject to the Rules of Criminal Procedure for the District Courts," and observing that the courts are required to promptly enter judgments or orders expressly disposing of such motions). The

Supreme Court has recently explained that, "when a party makes a motion [pursuant to Section 39-1-1] challenging the district court's determination of the rights of the parties . . . [the determination] is not final, and the time for filing an appeal does not begin to run, until the district court disposes of the motion." *Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 8, 145 N.M. 650, 203 P.3d 865. Insofar as the district court has yet to rule on Petitioner's motion for reconsideration, we conclude that the underlying order is not final, and the time for filing an appeal has not begun to run. *Id.; and see Dickens v. Laurel Healthcare, LLC*, 2009-NMCA-122, ¶ 6, 147 N.M. 303, 222 P.3d 675 (observing that "when a . . . motion that challenges the district court's determination of the rights of the parties, is pending in the district court, the judgment or order . . . remains non-final" such that appeal is premature).

In his memorandum in opposition Petitioner explains that he intended to abandon the motion for reconsideration when he filed his notice of appeal. [MIO 2] We recognize that the filing of the notice of appeal may have had such an effect, historically. However, as previously described, recent rule amendments and published opinions addressing post-judgment motions for reconsideration have dramatically changed our approach. We no longer regard the filing of a notice of appeal as an implicit waiver or abandonment of a post-judgment motion. *See Dickens*, 2009-NMCA-122, ¶¶ 5-6 (rejecting the argument that the filing of a notice of appeal

amounts to the implicit waiver or abandonment of a post-judgment motion). As a result, Petitioner's motion for reconsideration must be resolved in some manner at the district court level before the underlying judgment may be regarded as final and appealable.

Accordingly, for the reasons stated above and in our notice of proposed summary disposition, this appeal is DISMISSED. We remand to the district court for further proceedings.

**IT IS SO ORDERED.**


_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**RODERICK T. KENNEDY, Judge**