This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**SKI VALLEY ROAD PROPERTIES, LLC,**
**a New Mexico Limited Liability Company,**

Plaintiff-Appellee,

v.                                                              NO. 31,989

**KERRY KRUSKAL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Sheri A. Raphaelson, District Judge**

De Stefano Law Firm, P.C.
Richard De Stefano
Taos, NM

for Appellee

Alan Maestas Law Office. P.C.
Dwight Thompson
Alan H. Maestas
Taos, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Chief Judge.**

Defendant appeals from the district court's order granting Plaintiff's motion for attorney fees and awarding Plaintiff its costs, claiming that Plaintiff's motion for fees and costs was untimely. We proposed to affirm in a notice of proposed summary disposition, and Defendant has filed a timely memorandum in opposition. Having considered the arguments raised by Defendant in his memorandum and remaining unpersuaded, we affirm the district court's order as to attorney fees and costs.

In his docketing statement, Defendant raised four issues. [DS 6-7] We proposed to affirm on all of Defendant's issues, and in his memorandum in opposition he concedes to our analysis on all of his issues except the first. [MIO 1-2] The remaining issue is a challenge to the timeliness of the motion for fees and costs. Defendant contends that the February 18, 2011 order was sufficiently final because the only outstanding issue was the proper amount of pre- and post-judgment interest. [MIO 2-6] *See* Rule 1-054(D)(4) NMRA (requiring a party to move for costs within fifteen days of the final judgment); Rule 1-054(E)(2) (providing that a motion for attorney fees "must be filed and served no later than fifteen (15) days after entry of judgment"). We are unpersuaded.

As discussed in our notice of proposed summary disposition, Rule 1-054 applies to cost and attorney fee awards and is directed at judgments defined as final

for purposes of appeal. *See* Rule 1-054(A) (defining a "'[j]udgment' as used in these rules [as] a decree and any order from which an appeal lies"). Thus, the law applicable to whether a judgment if final for purposes of appeal also applies in determining whether Defendant's motion for attorney fees and costs was timely because Rule 1-054(D)(4) and (E)(2) require the motion to be filed within fifteen days of the "judgment." Our case law has established that, in general, an order or judgment is not considered final for purposes of appeal unless all issues of law and fact have been determined and the case is disposed of by the district court to the fullest extent possible. *See Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 236, 824 P.2d 1033, 1038 (1992), *limited on other grounds by Trujillo v. Hilton of Santa Fe*, 115 N.M. 397, 851 P.2d 1064 (1993); *Khalsa v. Levinson*, 1998-NMCA-110, ¶ 17, 125 N.M. 680, 964 P.2d 844.

In this case, the district court's February 18, 2011 order approved the foreclosure sale that had already taken place, but it reserved the issues of the pre- and post-judgment interest rate, Plaintiff's motion for a deficiency judgment, and Plaintiff's motion for sanctions pursuant to Rule 1-011 NMRA. [RP 376-377] Furthermore, shortly after the district court entered the February 18, 2011 order, Plaintiff moved for presentment or reconsideration of that order. [RP 388-392] In response to Plaintiff's motion to reconsider, Defendant made a number of filings, [RP

3

407-415, 416-434] including a proposed order on reserved issues providing his calculations as to pre- and post-judgment interest, costs, attorney fees, and a proposed judgment. [RP 436-445, 446-453]

Based upon the issues outstanding between the parties and Plaintiff's motion to reconsider the February 18, 2011 order, we remain convinced that Plaintiff did not need to move for attorney fees within fifteen days of that order because it was not a "final order" as that term is used in Rule 1-054. *Cf. Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 8, 145 N.M. 650, 203 P.3d 865 (recognizing that although a judgment and order for foreclosure sale is usually sufficiently final for purposes of appeal, if "a party makes a motion challenging the district court's determination of the rights of the parties contained in the foreclosure decree, the decree is not final, and the time for filing an appeal does not begin to run, until the district court disposes of the motion"); *Dickens v. Laurel Healthcare, LLC*, 2009-NMCA-122, ¶ 6, 147 N.M. 303, 222 P.3d 675 (holding that the district court's order is non-final if a post-judgment motion is pending which "could alter, amend, or moot the order entered by the district court").

In his memorandum in opposition, Defendant contends that our proposed disposition relied solely on our Supreme Court's opinion in *City of Santa Fe v. Komis*, 114 N.M. 659, 667-68, 845 P.2d 753, 761-62 (1992) (holding that the district court

4

lacked jurisdiction to modify the interest rate on judgment after notice of appeal had been filed because the modification of an interest rate was not collateral to the issues that had been appealed). [MIO 2-5] He then argues that *Komis* "does not provide sufficient grounds to overturn the long line of cases which have served to provide guidelines concerning the finality of judgments." [MIO 2] We are unpersuaded. As previously discussed in this opinion and in our earlier notice of proposed summary disposition, our holding in this case is in accordance with previous appellate case law concerning the finality of judgments. To reiterate, that case law provides that an order or judgment is not considered final for purposes of appeal unless the case has been disposed of by the district court to the fullest extent possible and there are no pending post-judgment motions that may alter or amend the district court's order. *See Kelly Inn No. 102, Inc.*, 113 N.M. at 236, 824 P.2d at 1038; *Dickens*, 2009-NMCA-122, ¶ 6.

Finally, although Defendant insists that the outstanding issues in this case regarding interest are collateral to the mortgage foreclosure and thus they are the type of collateral matters that do not affect finality, [MIO 5] we again disagree. While the applicable pre- and post-judgment interest rates may be collateral to the mortgage foreclosure itself, the applicable interest rates were heavily litigated by the parties, they were not resolved in the February 18, 2011 order, other issues remained

5

unresolved after the February 18, 2011 order, and Plaintiff sought reconsideration of that order.

Therefore, the February 18, 2011 order was not sufficiently final to require Plaintiff to file its motion for attorney fees and costs pursuant to Rule 1-054(D)(4) and (E)(2) and, for the reasons set forth above and those set forth in our notice of proposed summary disposition, we affirm the district court's order awarding Plaintiff its costs and attorney fees.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**J. MILES HANISEE, Judge**