This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JULIE TAMBOURINE,**

Plaintiff-Appellant,

**v.**                                                    **No. 32,520**

**TERMINIX INTERNATIONAL CO.,**
**a foreign corporation,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Barbara Vigil, District Judge**

Lindsay A. Lovejoy, Jr.
Santa Fe, NM

for Appellant

Rodey, Dickason, Sloan, Akin & Robb, P.A.
W. Mark Mowery
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**FRY, Judge.**

Plaintiff, Julie Tambourine, appeals the district court's judgment. We issued a notice of proposed disposition on January 4, 2013, proposing to dismiss for lack of

a final order. Plaintiff filed a timely memorandum in opposition, which we have duly considered. We remain unpersuaded, and we therefore dismiss this appeal.

As we noted in our notice of proposed disposition, the final judgment in this case was entered on September 17, 2012. [RP 910] On October 2, 2012, Plaintiff filed an amended post-judgment motion asking for judgment as a matter of law, to alter or amend the judgment, a new trial, and reconsideration of the court's pretrial grant of summary judgment on other claims. [RP 918] Such a motion is deemed a motion for reconsideration under NMSA 1978, Section 39-1-1 (1917). *See Rosales v. N.M. Taxation & Revenue Dep't*, 2012-NMCA-098, ¶ 7, 287 P.3d 353 (construing a post trial motion for reconsideration falling outside the time limits of Rule 1-052 NMRA and Rule 1-059 NMRA as a motion falling within the purview of Section 39-1-1); *see also Chapel v. Nevitt*, 2009-NMCA-017, ¶ 18, 145 N.M. 674, 203 P.3d 889 ("Because a motion for reconsideration filed within ten days of the final judgment is deemed to be a Rule 1-059(E) motion, a motion filed outside the ten-day period should logically be deemed to have been filed under Section 39-1-1[.]"). On October 12, 2012, Defendant filed its response. [RP 986] On October 17, 2012, Plaintiff filed a notice of appeal. [RP 992] The district court has not yet ruled on Plaintiff's motions.

Because Plaintiff's motions attacking the judgment remained outstanding when she filed her notice of appeal, the notice of appeal was filed before there was a final

order in this case. In her memorandum in opposition, Plaintiff argues that the issues raised in her post-judgment motions were asserted previously in the record and were preserved for review by this Court. [MIO 1-2] Accordingly, Plaintiff argues that the appeal may go forward without awaiting a ruling from the district court. [MIO 2] We disagree. The judgment in this case is not appealable until the district court rules on Plaintiff's motions. *See Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 8, 145 N.M. 650, 203 P.3d 865 (explaining that, if a party makes a post-judgment motion that could alter or amend the final judgment, the judgment is no longer final for purposes of appeal); *Dickens v. Laurel Healthcare, LLC*, 2009-NMCA-122, ¶ 6, 147 N.M. 303, 222 P.3d 675 (holding that because resolution of the post-judgment motion could alter, amend, or moot the order that is challenged, the order is not final and the appeal is premature); *see also Rosales*, 2012-NMCA-098, ¶¶ 9-12 (noting that a motion filed pursuant to Section 39-1-1 is not deemed automatically denied after thirty days).

For these reasons, we dismiss the appeal. We note that, once Plaintiff has obtained a ruling on her motion from the district court, she is free to appeal.

**IT IS SO ORDERED**.

_____

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Judge**


_____

**M. MONICA ZAMORA, Judge**