This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JAMES LITTERAL,**

Plaintiff-Appellant,

v.                                                    **NO. 32,718**

**GEO GROUP, INC., CORRECTIONAL MEDICAL SERVICES, BLACKSTONE GROUP LP, and MEDICAL STAFF REAL NAMES UNKNOWN, SECURITY STAFF REAL NAMES UNKNOWN,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF GUADALUPE COUNTY**
**Matthew J. Sandoval, District Judge**

James Litteral
Grants, NM

Pro Se Appellant

Yenson, Allen & Wosick PC
April D. White
Albuquerque, NM

for Appellee GEO Group, Inc.

Chapman and Charlebois
Nicole M. Charlebois
Albuquerque, NM

for Appellee Correction Medical Services

Orlando C. Martinez
Albuquerque, NM

for Appellee Correction Medical Services

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Appellant James Litteral (Plaintiff) appeals [RP 210, 212] pro se from the district court's rulings that dismiss his claims against Defendants GEO Group (GEO), Blackstone Group LP (Blackstone), and Correctional Medical Services (CMS). [RP 185, 183, 208]  Our notice proposed to dismiss for lack of a final order, and Plaintiff filed a memorandum in opposition.  We are not persuaded by Plaintiff's arguments and therefore dismiss for lack of a final order.

As detailed in our notice, the district court entered orders on August 7, 2012 dismissing Plaintiff's claims against Blackstone and GEO. [RP 185, 183] Subsequently, Plaintiff filed two "objections" on August 16, 2012 [RP 195, 197, 199, 202], he asked the district court to "correct the judge's errors" [RP 196] and "reverse"

the orders of dismissal. [RP 198 MIO 2] We view these motions to be effectively motions for reconsideration. *See* NMSA 1978, 39-1-1 (1917). Prior to the district court ruling on these outstanding objections, Plaintiff prematurely filed a November 13, 2012 notice of appeal. [RP 210] *See Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 8, 145 N.M. 650, 203 P.3d 865 (explaining that, "if a party makes a post-judgment motion directed at the final judgment pursuant to Section 39-1-1 the time for filing an appeal does not begin to run until the district court enters an express disposition on that motion"). Because outstanding matters remain to be ruled upon, we dismiss for lack of a final orders. We additionally recognize that Plaintiff appeals also from the district court's October 22, 2012 order granting CMS' motion for joinder and dismissing Plaintiff's claims against CMS. [RP 208] Although Plaintiff did not file a post-judgment motion directed against this order, given that CMS was allowed to join in GEO's motion for summary judgment [RP 208], which is subject to reconsideration, the district court's order dismissing Plaintiff's claims against CMS is also non-final.

We thus disagree with Plaintiff's argument that Section 39-1-1 has been voided by some of the rules of civil procedure. [MIO 2] Instead, the rules supersede only the portion of Section 39-1-1 providing that many post-judgment motions are deemed automatically denied if not granted within thirty days of filing. *See Albuquerque*

*Redi-Mix, Inc. v. Scottsdale Ins. Co.*, 2007-NMSC-051, ¶¶ 11-16, 142 N.M. 527, 168 P.3d 99. As a consequence, there is no longer an automatic denial of post-judgment motions, such that the time for filing notices of appeal runs from the entry of an order expressly disposing of the post-judgment motions. *Id.* (discussing that the rules of civil procedure regarding post-judgment motions were amended in 2006 and that because there no longer is an automatic denial of post-judgment motions, the time for filing notices of appeal runs from the entry of an orders expressly disposing of the motion); *see also* Rule 12-201(D) NMRA (providing that if a party timely files a motion pursuant to Section 39-1-1, the time for filing a notice of appeal begins to run from entry of an order disposing of the motion).

We lastly acknowledge Plaintiff's request that we consider his post-judgment "objections" as harmless and proceed to consider the merits of his appeal, especially in light of his view that prisoners' access to legal resources is limited. [MIO 2] While Plaintiff is frustrated by any further delay in resolution of his claims, the effect of Plaintiff's objections below is that there is a lack of a final order for purposes of providing this Court jurisdiction over his appeal. *See Dickens v. Laurel Healthcare, LLC,* 2009-NMCA-122, ¶ 6, 147 N.M. 303, 222 P.3d 675 (holding that because resolution of the post-judgment motion could alter, amend, or moot the order that is challenged, the order is not final and the appeal is premature). We note, however, that

4

upon entry of a final order ruling on Defendant's post-judgment objections, Plaintiff may elect, if desired, to file another notice of appeal.

For the reasons stated herein in and in our notice, we dismiss for lack of a final order.

**IT IS SO ORDERED.**


_____

**JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____

**CYNTHIA A. FRY, Judge**


_____

**LINDA M. VANZI, Judge**