This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ROSALIE IVEY,**

Petitioner-Appellant,

v.                                                    **NO.  33,458**

**CATHY JENNINGS,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Karen L. Parsons, District Judge**

William N. Griffin
Ruidoso, NM

For Appellant

H. John Underwood, LTD.
H. John Underwood
Alexandra Bobbit
Ruidoso, NM
for Appellee

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Petitioner seeks to appeal from the district court's order granting trial judgment in favor of Respondent and another unnamed order, both filed on November 13, 2013. [RP 460-66] Petitioner filed a timely post-judgment motion, pursuant to Rule 1-

052(D) NMRA, asking "the court to make findings of fact and conclusions of law and to amend the trial judgment." [RP 494-97] Petitioner also filed notices of appeal from the district court's orders. [RP 502-03, 505-06]

{2} We issued a notice of proposed summary disposition, proposing to dismiss on grounds that the motion could alter, amend, or moot the district court's final orders; and thus, the orders are no longer final for purposes of appeal. *See* Rule 12-201(D)(1) NMRA (stating that "[i]f any party timely files a motion under Section 39-1-1 NMSA 1978, . . . Rule 1-052(D) NMRA, or Rule 1-059 NMRA, . . . the full time prescribed in this rule for the filing of the notice of appeal shall commence to run and be computed from the filing of an order expressly disposing of the . . . motion."); *Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 8, 145 N.M. 650, 203 P.3d 865 (holding that "when a party makes a motion challenging the district court's determination of the rights of the parties contained in the [final order, the order is no longer] final, and the time for filing an appeal does not begin to run, until the district court disposes of the motion").

{3} Respondent and Petitioner have filed responses to our notice, agreeing that the orders are not final for purposes of appeal, in light of Petitioner's post-judgment motion. [Ct. App. file] We continue to believe that Petitioner's post-judgment motion renders the district court's orders non-final and renders Petitioner's appeal premature.

*See Dickens v. Laurel Healthcare, LLC*, 2009-NMCA-122, ¶ 6, 147 N.M. 303, 222 P.3d 675 (observing that "when a Rule 1-059(E) motion, or other motion that challenges the district court's determination of the rights of the parties, is pending in the district court, the judgment or order entered by the district court remains non-final" such that appeal is premature). We, therefore, dismiss Petitioner's appeal for lack of a final, appealable order and remand for further proceedings. *See id.* ¶¶ 6-7.

{4}     **IT IS SO ORDERED.**


_____

**M. MONICA ZAMORA, Judge**


**WE CONCUR:**


_____
**TIMOTHY L. GARCIA, Judge**


_____
**J. MILES HANISEE, Judge**

3