This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**SUTIN, THAYER & BROWNE,**
**a professional corporation,**

      **Petitioner-Appellee,**

v.                                              **NO. 33,453**

**WHITENER LAW FIRM,**

      **Respondent-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Judge**

Sutin, Thayer & Browne
Andrew J. Simons
Albuquerque, NM

for Appellee

Santillanes & Neidhardt, P.C.
James T. Roach
Janet Santillanes
Albuquerque, NM

for Appellant.

**MEMORANDUM OPINION**

**HANISEE, Judge.**

**{1}** The Whitener Law Firm appeals from a judgment awarding Sutin, Thayer & Browne 45% of an attorney fee. In our calendar notice, we proposed to dismiss the appeal for lack of a final order. Sutin and Whitener filed timely memoranda in opposition. We have considered the arguments in opposition to our proposed dismissal, but we are not persuaded that the judgment in this case is final and appealable at this time. We therefore dismiss the appeal.

**{2}** "In civil cases, this Court has jurisdiction over, among other things, 'any final order after entry of judgment which affects substantial rights[.]' " *Khalsa v. Levinson*, 1998-NMCA-110, ¶ 12, 125 N.M. 680, 964 P.2d 844 (quoting NMSA 1978, § 39-3-2 (1966)). "Whether an order is a 'final order' within the meaning of the statute is a jurisdictional question that an appellate court is required to raise on its own motion." *Id.* Generally, an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible. *Kelly Inn No. 102, Inc. v. Kapnison*, 1992-NMSC-005, ¶ 14, 113 N.M. 231, 824 P.2d 1033.

**{3}** Following a bench trial, the district court entered its judgment. [RP Vol.III/1123] Five days later, Whitener filed objections to the judgment—some of which challenge the merits of the judgment. [RP Vol.III/1130-33] Nine days later, Whitener filed a notice of appeal. [RP Vol.III/1138; *see also* RP Vol.III/1162] At the

time the notice of appeal was filed, the district court had not addressed Whitener's objections.

**{4}** We acknowledge that Whitener's objections were not filed as a "motion" pursuant to Rule 1-007.1 NMRA. Nevertheless, as the parties acknowledge, the objections challenged the judgment, and several of the issues raised by Whitener on appeal are related to the objections. [Whitener MIO 2; Sutin MIO 4] Moreover, Whitener claims that "[a]n objection was filed to make a record that Whitener disagreed with the entry of the judgment, both procedurally and substantively." [Whitener MIO 2] Because Whitener filed its objections with the district court after entry of the judgment, but prior to filing its notice of appeal, we construe the objections as a motion to alter, amend, or reconsider the judgment. *See* Rule 1-059(E) NMRA (providing that "[a] motion to alter, amend, or reconsider a final judgment shall be filed not later than thirty (30) days after entry of the judgment"); *Century Bank v. Hymans*, 1995-NMCA-095, ¶ 10, 120 N.M. 684, 905 P.2d 722 ("The movant need not cite the provision authorizing the motion; the substance of the motion, not its title, controls."); *Phelps Dodge Corp. v. Guerra*, 1978-NMSC-053, ¶ 18, 92 N.M. 47, 582 P.2d 819 ("[T]he nomenclature used is not significant.").

**{5}** Whitener's post-judgment objections attacked the district court's judgment, and a ruling by the district court on Whitener's objections could alter, amend, or moot the

judgment entered by the district court. *See Dickens v. Laurel Healthcare, LLC*, 2009-NMCA-122, ¶ 6, 147 N.M. 303, 222 P.3d 675 ("[W]hen a Rule 1-059(E) motion, or other motion that challenges the district court's determination of the rights of the parties, is pending in the district court, the judgment or order entered by the district court remains non-final."). Moreover, Whitener's objections alerted the district court of Whitener's claims of error and the district court should be allowed to correct the alleged errors in the first instance. *See Kilgore v. Fuji Heavy Indus. Ltd.*, 2009-NMCA-078,¶ 50, 146 N.M. 698, 213 P.3d 1127 (setting forth the primary purposes for preserving an issue before the district court: "(1) to specifically alert the district court to a claim of error so that any mistake can be corrected at that time, (2) to allow the opposing party a fair opportunity to respond to the claim of error and to show why the district court should rule against that claim, and (3) to create a record sufficient to allow this Court to make an informed decision regarding the contested issue"), *rev'd on other grounds by,* 2010-NMSC-040, 148 N.M. 561, 240 P.3d 648. Because the district court had no opportunity to address the objections, the judgment is not final and Whitener's appeal is premature. *See id.*

{6}     Accordingly, for the reasons stated in this opinion and in our notice of proposed summary disposition, we dismiss for lack of a final order.

{7}     **IT IS SO ORDERED.**

4

 

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**


_____
**CYNTHIA A. FRY, Judge**


_____
**LINDA M. VANZI, Judge**