This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**DEBRA SMITH,**

Plaintiff-Appellant,

v.                                                        **NO. 34,433**

**MARK W. MOORE and**
**SUSAN M. MOORE,**
**Husband and Wife,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Mark T. Sanchez, District Judge**

Eric D. Dixon
Portales, NM

for Appellant

McCormick, Caraway, Tabor & Byers, LLP
Jay Francis
Carlsbad, NM

for Appellees

**MEMORANDUM OPINION**

**VIGIL, Judge.**

{1}     Plaintiff Debra Smith filed a docketing statement, appealing from the district court's final order, entered on December 10, 2014. [RP 295; DS 2] This Court issued a calendar notice, proposing to summarily dismiss the appeal for lack of a final order. [CN 1, 4] Plaintiff timely filed a memorandum in opposition (MIO). We have given due consideration to the memorandum in opposition, and, remaining unpersuaded, we dismiss the appeal for lack of a final order.

{2}     In this Court's notice of proposed disposition, we explained that, because there was a pending motion to reconsider, the underlying proceedings are deemed non-final, and Plaintiff's appeal is premature. [CN 2–3] We therefore proposed to dismiss for lack of a final order. [CN 4] We note that in our notice of proposed disposition, we stated that the motion to reconsider was filed by Plaintiff when, in fact, it was filed by Defendants. [*See* CN 2–3; RP 297] Nevertheless, the identity of the movant does not change our conclusion.

{3}     In her memorandum in opposition, Plaintiff argues that the motion to reconsider was, in fact, a motion for attorney fees, untimely filed (as a motion for attorney fees). [MIO 1–2] As arguments regarding attorney fees can proceed simultaneously with an appeal, *see Kelly Inn No. 102, Inc. v. Kapnison*, 1992-NMSC-005, ¶ 41, 113 N.M.

231, 824 P.2d 1033 (holding that the filing of a notice of appeal does not deprive the district court of "jurisdiction to rule on matters "collateral to" or "separate from" the judgment" (internal quotation marks and citation omitted)), Plaintiff argues that the motion does not render the final order non-final for purposes of appeal. [MIO 2]

{4}     However, as indicated above, it was *not* Plaintiff who filed the motion to reconsider, so her proposed re-characterization of the motion as simply a motion for attorney fees, to suit Plaintiff's needs on appeal, is not persuasive. Additionally, the actual title of the motion is "motion to reconsider," and the motion requests that the case be reopened to allow in new evidence that was discovered after the hearing, so we are unpersuaded that the motion does not seek a reconsideration by the district court of its final order. [RP 297-98] Further, although the motion does ask for attorney fees, it requests such fees in light of the new evidence seemingly as part of an altered damages request or as a sanction or punishment and, as such, could impact the final order if greater damages are awarded in light of the purported malicious and fraudulent prosecution of the case, in the form of attorney fees. [*See id.*] *See Exec. Sports Club, Inc. v. First Plaza Trust*, 1998-NMSC-008, ¶ 8, 125 N.M. 78, 957 P.2d

63 (stating that there is a distinction between "*Kelly Inn*-type" attorney fees and attorney "fees that are substantively part of compensatory damages necessary to remedy the plaintiff's injury" and reiterating that cases involving attorney fees as an aspect of compensatory damages are appropriately dismissed as premature for lack of jurisdiction (internal quotation marks and citation omitted). As such, we conclude that the district court has retained jurisdiction to address such post-judgment motion, including determining whether the motion to reconsider does, in fact, impact the final judgment previously entered by the district court. *See* NMSA 1978, § 39-1-1 (1917) (stating that the district court retains jurisdiction to address post-judgment motions directed at the final order or judgment); *see also Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 8, 145 N.M. 650, 203 P.3d 865 (explaining that "if a party makes a post-judgment motion directed at the final judgment pursuant to Section 39-1-1, the time for filing an appeal does not begin to run until the district court enters an express disposition on that motion"); *Dickens v. Laurel Healthcare, LLC*, 2009-NMCA-122, ¶ 6, 147 N.M. 303, 222 P.3d 675 (explaining that, when a "motion that challenges the district court's determination of the rights of the parties[] is pending in the district court, the judgment or order entered by the district court remains non-final . . . and [the] appeal is premature" (citation omitted)). Because the district court has not yet ruled on Defendant's motion to reconsider, the appeal is premature.

4

{5}     Thus, for the reasons stated in this Opinion and set forth in this Court's notice of proposed disposition, we dismiss the appeal for lack of a final order.

{6}     **IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Judge**

_____

**TIMOTHY L. GARCIA, Judge**