This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ROYLENE WHATLEY,**

Plaintiff-Appellant,

v.                                                              **NO. 34,403**

**CORIZON MEDICARE D.O.C,**
**DR. SHANNON, AND DR. ALBERT,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alan M. Malott, District Judge**

Roylene Whatley
Las Cruces, NM

Pro Se Appellant

Simone, Roberts & Weiss, P.A.
Norman F. Weiss
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**VIGIL, Judge.**

{1} Plaintiff Roylene Whatley filed a docketing statement, appealing from the district court's order granting Defendants' motion for summary judgment and dismissing Plaintiff's complaint with prejudice, entered on November 12, 2014. [RP 317; DS 1] In this Court's notice of proposed disposition, we proposed to dismiss the appeal for lack of a final order. [CN 1, 4] Plaintiff filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we dismiss the appeal for lack of a final order.

{2} In his memorandum in opposition, Plaintiff contends that the summary judgment entered by the district court was a final order and that his notice of appeal gave full jurisdiction over to this Court. [MIO 1] However, as we stated in our notice of proposed disposition, Plaintiff filed a timely motion to alter or amend and a timely motion for relief from judgment and, accordingly, the district court was not divested of its jurisdiction. [CN 3] *See* Rule 12-201(D)(4) NMRA (stating that *the district court retains jurisdiction* to dispose of one of the types of motions for reconsideration listed in Rule 12-201(D)(1)-(2), upon the filing of such a motion); *State v. Griego*, 2004-NMCA-107, ¶ 22, 136 N.M. 272, 96 P.3d 1192 (dismissing for lack of jurisdiction when no final judgment had been entered); *see also* Rule 12-201(D) (addressing the effect of post-trial or post-judgment motions as extending the time for appeal until

entry of a final order expressly disposing of the motions when there is no provision of automatic denial of motion under applicable statute or rule); *Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 8, 145 N.M. 650, 203 P.3d 865 (explaining that "if a party makes a post-judgment motion directed at the final judgment pursuant to Section 39-1-1, the time for filing an appeal does not begin to run until the district court enters an express disposition on that motion"); *Dickens v. Laurel Healthcare, LLC*, 2009-NMCA-122, ¶ 6, 147 N.M. 303, 222 P.3d 675 (explaining that when a "motion that challenges the district court's determination of the rights of the parties[] is pending in the district court, the judgment or order entered by the district court remains non-final. . . . and [the] appeal is premature").

**{3}** As we noted in our notice of proposed disposition, the district court did not deny Plaintiff's motions on the merits of such motions; rather, the district court denied the motions on the court's mistaken belief that it was divested of jurisdiction. [*See* RP 326 (¶¶ 5–6)] Thus, because the district court has not yet ruled on the merits of Plaintiff's motions, the underlying proceedings are deemed non-final, and Plaintiff's appeal is premature. *See State v. Romero*, 2014-NMCA-063, ¶ 5, 327 P.3d 525 ("[T]he finality of a judgment may be suspended by the timely filing of a motion for

3

reconsideration."); Rule 12-201(D)(4) (stating that, until a motion for reconsideration is disposed of, the district court is not divested of its jurisdiction).

{4}    We additionally note that, with regard to Plaintiff's implication that he will be denied his constitutional right to appeal if the present appeal is dismissed, as we indicated in our notice of proposed disposition [CN 4], Plaintiff is free to appeal from the final order of the district court, once such order is entered. *See* Rule 12-201.

{5}    Therefore, for the reasons stated in our notice of proposed disposition and herein, the appeal is dismissed for lack of a final order.

{6}    **IT IS SO ORDERED.**


_____
                                        **MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**



_____
**MICHAEL D. BUSTAMANTE, Judge**



_____
**J. MILES HANISEE, Judge**

4