This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**US BANK NATIONAL ASSOCIATION,**

    Plaintiff/Counterdefendant-Appellee,

v.                  **NO. 34,587**

**PERRY A. KESLER,**

    Defendant/Counterclaimant-Appellant,

and

**and if married, JANE DOE KESLER
(true name unknown), his spouse,
TAXATION AND REVENUE
DEPARTMENT OF THE STATE OF
NEW MEXICO; and UNITED STATES
OF AMERICA (IRS),**

    Defendants.

**APPEAL FROM THE DISTRICT COURT OF SAN MIGUEL COUNTY
Abigail Aragon, District Judge**

Little, Bradley & Nesbitt, P.A.
Sandra A. Brown
Albuquerque, NM

for Appellee

Perry A. Kesler

Rowe, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**VIGIL, Chief Judge.**

{1}    Defendant Perry Kesler (Defendant) filed a docketing statement, appealing from the district court's order granting Plaintiff's motion for summary judgment and dismissing Defendant's counterclaims with prejudice, entered on March 3, 2015. [RP Vol. 5/484; DS 2] In this Court's notice of proposed disposition, we proposed to dismiss the appeal for lack of a final order. [CN 1, 4] Defendant filed a memorandum in opposition and motion to amend his docketing statement. Defendant also filed a notice of entry of the district court's order along with a copy of the order denying Defendant's motion to reconsider, which we have duly considered. Remaining unpersuaded, we dismiss the appeal for lack of a final order.

{2}    As we stated in our notice of proposed disposition, Defendant filed a timely motion to reconsider and, accordingly, the district court was not divested of its jurisdiction. [CN 3–4] *See Dickens v. Laurel Healthcare, LLC*, 2009-NMCA-122, ¶ 6, 147 N.M. 303, 222 P.3d 675 (explaining that, when a "motion that challenges the district court's determination of the rights of the parties[ ] is pending in the district court, the judgment or order entered by the district court remains non-final. . . . and

2

[the] appeal is premature" (citation omitted)); *Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 8, 145 N.M. 650, 203 P.3d 865 (explaining that "if a party makes a post-judgment motion directed at the final judgment pursuant to Section 39-1-1, the time for filing an appeal does not begin to run until the district court enters an express disposition on that motion"); *State v. Romero*, 2014-NMCA-063, ¶ 5, 327 P.3d 525 ("[T]he finality of a judgment may be suspended by the timely filing of a motion for reconsideration."). A district court retains jurisdiction to enter a final judgment on a motion to reconsider. *See* Rule 12-201(D)(4) NMRA. We will dismiss an appeal where no final order has been entered. *State v. Griego*, 2004-NMCA-107, ¶ 22, 136 N.M. 272, 96 P.3d 1192 (dismissing for lack of jurisdiction when no final judgment had been entered); *see also* Rule 12-201(D) (addressing the effect of post-trial or post-judgment motions as extending the time for appeal until entry of a final order expressly disposing of the motions when there is no provision of automatic denial of motion under applicable statute or rule).

**{3}** The district court did not deny Plaintiff's motion to reconsider on its merits; rather, the district court denied the motion on the court's mistaken belief that it was divested of jurisdiction, stating it "finds that a good cause for this motion does not exist as the matter is currently stayed pending decision by the Court of Appeals[.]" Thus, because the district court has not yet ruled on the merits of Defendant's motion,

3

the underlying proceedings are deemed non-final, and Defendant's appeal is premature. *See Romero*, 2014-NMCA-063, ¶ 5 ("[T]he finality of a judgment may be suspended by the timely filing of a motion for reconsideration."); Rule 12-201(D)(4) (stating that, until a motion for reconsideration is disposed of, the district court is not divested of its jurisdiction).

**{4}** We note that Defendant is free to appeal from the final order of the district court, once such order on the merits is entered. *See* Rule 12-201.

**{5}** Therefore, for the reasons stated in our notice of proposed disposition and herein, the appeal is dismissed for lack of a final order.

**{6}** **IT IS SO ORDERED.**


_____
**MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**M. MONICA ZAMORA, Judge**