[No. 40725-2-I. Division One. October 5, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. VILISAK CHUCK PHIMMACHAK, *Appellant*.

*David B. Koch* and *Lindsay Brown* of *Nielsen, Broman & Associates, P.L.L.C.*, for appellant.

*James H. Krider, Prosecuting Attorney*, and *Charles F. Blackman, Deputy*, for respondent.

PER CURIAM — The jury convicted Vilasak Phimmachak of taking and riding in a motor vehicle without permission.

He appeals, claiming that the trial court erred when it refused to instruct the jury that the State was required to prove he knew the car was stolen before getting into it. But because we agree with the trial court that such an instruction misstates the law, we affirm.

## FACTS

The police lifted Phimmachak's fingerprints from the driver's side door of Malcolm Lord's stolen pickup truck. The police found the abandoned truck just hours after Lord had reported it stolen from an Everett cinema parking lot. The ignition cylinder was removed from the right steering column and the driver's side lock was broken. Also missing were the stereo and some expensive eyeglasses left in the truck by Lord's optician wife.

Detective Patrick Fagan contacted Phimmachak. Detective Fagan testified that Phimmachak at first denied any involvement but when confronted with the fingerprint evidence, Phimmachak admitted that a friend gave him a ride in the stolen truck from Everett to Bothell. Phimmachak told the detective that he learned during the ride that his friend had stolen the truck for its parts. When told by the detective that his prints were found on the driver's side, Phimmachak claimed he got into the truck through the driver's door. Phimmachak did not testify.

Before closing, defense counsel took exception to the standard "to convict" instruction, asking instead that "under the riding theory" the court instruct the jury that "the State has to prove that prior to the time of riding the defendant knew that the automobile was unlawfully taken[.]" The court declined, stating that such an instruction was not a correct statement of the law but that it would allow the defense to argue unwitting, involuntary riding. But because there was no instruction proposed regarding such a defense, the court stated it would not give one.

The jury convicted Phimmachak as charged.

## DECISION

Phimmachak's sole argument is that the court erred in refusing to instruct the jury that the State must prove he knew the truck was stolen before riding in it. In addition to the fact that Phimmachak cites no direct authority supporting this proposition, it is contrary to the plain language of the "joyriding" statute, RCW 9A.56.070(1).[1]

 Under that statute, the State must prove either an unlawful taking, or riding in the vehicle with knowledge that it was unlawfully taken.[2] To convict under the riding alternative, the State must prove knowledge and that the defendant voluntarily **rode** in the stolen vehicle.[3] The statute's plain language makes clear that the focus is on the legality of the ride and not on the entry. Therefore, regardless of whether the entry was legal, an individual is guilty of taking and riding if he or she thereafter voluntarily rides in the vehicle with knowledge it was stolen.[4] Because Phimmachak's proposed instruction would have

---

[1]RCW 9A.56.070(1) reads:

(1) Every person who shall without the permission of the owner or person entitled to the possession thereof intentionally take or drive away any automobile or motor vehicle, . . . the property of another, shall be deemed guilty of a felony, and every person voluntarily riding in or upon said automobile or motor vehicle with knowledge of the fact that the same was unlawfully taken shall be equally guilty with the person taking or driving said automobile or motor vehicle and shall be deemed guilty of taking a motor vehicle without permission.

[2]*State v. Pettitt*, 93 Wn.2d 288, 292, 609 P.2d 1364 (1980).

[3]RCW 9A.56.070(1).

[4]*See State v. Trepanier*, 71 Wn. App. 372, 381, 858 P.2d 511 (1993) (Defendant is guilty under the "riding" prong if he or she was aware the car was stolen during the time he or she is in car; by remaining in the vehicle, the rider implicitly agrees to continue the deprivation.).

14

constituted a misstatement of the law, the trial court did not err in refusing it.[5]

Affirmed.

---

[5]*See State v. Schneider*, 36 Wn. App. 237, 242, 673 P.2d 200 (1983) (A trial court does not err in refusing an instruction that is a misstatement of the law.).