**Certiorari Denied, August 21, 2012, No. 33,753**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2012-NMCA-098**

**Filing Date: July 9, 2012**

**Docket No. 31,433**

**GILBERT ROSALES, SR.,**

      **Plaintiff-Appellee,**

**v.**

**STATE OF NEW MEXICO**
**TAXATION AND REVENUE DEPARTMENT,**
**MOTOR VEHICLE DIVISION,**

      **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF McKINLEY COUNTY**
**Robert A. Aragon, District Judge**

William G. Stripp
Ramah, NM

for Appellee

Gary K. King, Attorney General
Taxation and Revenue Department
Peter Breen, Special Assistant Attorney General
Santa Fe, NM

for Appellant

**OPINION**

**FRY, Judge.**

**{1}**    Thirty days after the district court entered an order reinstating Petitioner Gilbert Rosales, Sr.'s driving privileges, the Motor Vehicle Division (the Division) filed a motion for reconsideration. The district court declined to consider the merits of the Division's

1

motion and instead ruled that the motion was deemed denied as a matter of law pursuant to the automatic denial provision in NMSA 1978, Section 39-1-1 (1917), because the court had failed to rule on the motion within thirty days of its filing. We conclude that the district court erroneously applied the automatic denial provision to this case. We therefore reverse and remand with instructions that the district court consider the merits of the Division's motion for reconsideration.

**BACKGROUND**

{2}     On September 30, 2010, Gilbert Rosales, Sr. (Petitioner) filed a petition in district court seeking restoration of his driving privileges pursuant to the process described in NMSA 1978, Section 66-5-5(D) (2007) (amended 2011). Petitioner stated in his petition that the Division had revoked his driver's license because it alleged that he had four or more prior DWI convictions. Contending that it had been five years or longer since his last DWI conviction, Petitioner pleaded that good cause existed to reinstate his driver's license because he no longer consumed alcoholic beverages and had undergone treatment and counseling. In its answer to the petition, the Division argued that Petitioner had five DWI convictions. Because five years had not yet elapsed since Petitioner's last DWI conviction in 2007, the Division contended that Petitioner was not yet eligible for restoration of his driving privileges under Section 66-5-5(D).

{3}     The district court held a hearing on February 3, 2011, at which the court orally ruled that it would reinstate Petitioner's driving privileges. A written order reinstating Petitioner's driving privileges was filed on February 23, 2011. On March 25, 2011, the Division filed a motion for reconsideration pursuant to Section 39-1-1. The district court held an initial hearing on the Division's motion on May 23, 2011. At this hearing, Petitioner argued that the motion should be deemed denied as a matter of law pursuant to Section 39-1-1 because the court had failed to rule on the motion within thirty days of its filing. To give the Division time to file a written response to Petitioner's argument, the district court continued the hearing until June 2, 2011.

{4}     At the June 2 hearing, the district court determined that it no longer had jurisdiction to rule on the Division's motion for reconsideration. In its written order, the district court ruled that pursuant to the automatic denial provision within Section 39-1-1, the Division's motion was deemed denied as a matter of law because the court had failed to rule on the motion within thirty days of its filing. This appeal followed.

**DISCUSSION**

{5}     On appeal, the Division argues that the district court erroneously denied its motion for reconsideration on the basis of the automatic denial provision in Section 39-1-1. Because we conclude that this issue is dispositive, we do not reach the Division's remaining two arguments: (1) that the district court erred in refusing to allow the Division to call Petitioner as a witness at the February hearing, and (2) that there was insufficient evidence to support

2

the reinstatement of Petitioner's driver's license.  Because this appeal involves the interpretation and application of statutes and court rules, we apply de novo review.  *Cook v. Anding*, 2008-NMSC-035, ¶ 7, 144 N.M. 400, 188 P.3d 1151.

**{6}**     In general, Section 39-1-1 provides that the district court retains control over a final judgment for thirty days.  Section 39-1-1 states in pertinent part:

> Final judgments and decrees, entered by district courts in all cases tried pursuant to the provisions of this section shall remain under the control of such courts for a period of thirty days after the entry thereof, and for such further time as may be necessary to enable the court to pass upon and dispose of any motion which may have been filed within such period, directed against such judgment; provided, that *if the court shall fail to rule upon such motion within thirty days after the filing thereof, such failure to rule shall be deemed a denial thereof*[.]

(Emphasis added.)  The italicized language above is the automatic denial provision of Section 39-1-1, which the district court applied in this case to deny the Division's motion for reconsideration.  On appeal, the Division asserts that this was erroneous based on recent case law from our Supreme Court and this Court.

**{7}**     Initially, we note that the Division's motion for reconsideration did not reference any specific rule of civil procedure and instead cited Section 39-1-1 as the statutory basis for the motion.  The motion asked the district court to reconsider its February 23, 2011, order and questioned the correctness of the court's ruling.  Because the Division's motion did not reference any specific rule of civil procedure and was filed outside the ten-day period required by Rule 1-052 NMRA or Rule 1-059 NMRA, we construe it as a motion falling within the purview of Section 39-1-1 only.  *See Chapel v. Nevitt*, 2009-NMCA-017, ¶ 18, 145 N.M. 674, 203 P.3d 889 ("Because a motion for reconsideration filed within ten days of the final judgment is deemed to be a Rule 1-059(E) motion, a motion filed outside the ten-day period should logically be deemed to have been filed under Section 39-1-1[.]").  Since Section 39-1-1 requires only that motions be filed within thirty days of the final judgment, we conclude as a preliminary matter that the Division's motion for reconsideration was timely filed.

**{8}**     Petitioner argues that the Division's motion, albeit timely filed, was nevertheless subject to the automatic denial provision of Section 39-1-1 since the district court did not rule on the motion within thirty days of its filing.  The Division responds that based on *Albuquerque Redi-Mix, Inc. v. Scottsdale Insurance Co.* and its progeny, its motion for reconsideration was not subject to the automatic denial provision.  2007-NMSC-051, 142 N.M. 527, 168 P.3d 99.  We agree with the Division.

**{9}**     In *Albuquerque Redi-Mix, Inc.*, our Supreme Court discussed recent amendments to the rules of civil procedure that have altered the application of Section 39-1-1's automatic

denial provision to post-judgment motions directed against final judgments. *See Albuquerque Redi-Mix, Inc.*, 2007-NMSC-051, ¶¶ 13-16. The Court stated in *Albuquerque Redi-Mix, Inc.* that it changed a number of rules of civil procedure in order to clarify its policy that "Section 39-1-1 is [superseded], and there is no longer automatic denial of post-judgment motions." *Albuquerque Redi-Mix, Inc.*, 2007-NMSC-051, ¶ 15. The Court specifically concluded that "the 2006 and 2007 amendments [to the rules] make clear that Section 39-1-1 no longer applies to post-judgment motions filed pursuant to [r]ules of [c]ivil [p]rocedure that do not themselves explicitly contain an automatic denial provision." *Albuquerque Redi-Mix, Inc.*, 2007-NMSC-051, ¶ 13. Thus, in *Albuquerque Redi-Mix, Inc.*, where the Court construed a post-judgment motion filed within ten days of judgment as a Rule 1-059(E) motion, the Court held that the motion was not subject to automatic denial under Section 39-1-1 because Rule 1-059(E) does not include automatic denial language. *Albuquerque Redi-Mix, Inc.*, 2007-NMSC-051, ¶¶ 11-13.

**{10}** Petitioner argues that *Albuquerque Redi-Mix, Inc.*'s holding is intended to address only the lifting of the automatic denial provision when post-judgment motions are made pursuant to the rules of civil procedure, such as the motion to reconsider filed under Rule 1-059(E) in *Albuquerque Redi-Mix, Inc.* Since the motion to reconsider filed in this case did not reference a specific rule, Petitioner contends that *Albuquerque Redi-Mix, Inc.* is inapplicable and the Division's motion was subject to the automatic denial provision. We disagree. Although *Albuquerque Redi-Mix, Inc.* specifically involved a Rule 1-059(E) motion, the committee commentary to Rule 1-054.1 NMRA and later case law from the Supreme Court signal that timely post-judgment motions directed against final judgments and filed pursuant to the rules of civil procedure or Section 39-1-1 shall not be subject to the automatic denial provision of Section 39-1-1.

**{11}** Specifically, the committee commentary for Rule 1-054.1 indicates that the 2006 amendment to this rule and other rules of civil procedure superseded the automatic denial portion of Section 39-1-1 and that as a result of these changes, "post-judgment motions are subject to the rule that the court shall enter judgments or orders within sixty (60) days of submission." Rule 1-054.1 comm. cmt.; *see Albuquerque Redi-Mix, Inc.*, 2007-NMSC-051, ¶¶ 13, 15, 16 (discussing the committee commentary). The commentary clarified that there is no longer automatic denial of post-judgment motions and that the "automatic denial provision in Section 39-1-1 . . . has no application in cases to which the Rules of Civil Procedure for the District Courts apply." Rule 1-054.1 comm. cmt. Thus, the commentary makes it clear that the automatic denial provision in Section 39-1-1 no longer applies in any civil case.

**{12}** In addition, in *Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 8, 145 N.M. 650, 203 P.3d 865, our Supreme Court interpreted *Albuquerque Redi-Mix, Inc.* as holding "that our rules [have] eliminated Section 39-1-1's automatic denial provision." *Grygorwicz*, 2009-NMSC-009, ¶ 8. The Court explained that "if a party makes a post-judgment motion directed at the final judgment pursuant to Section 39-1-1, the time for filing an appeal does not begin to run until the district court enters an express disposition on that motion." *Grygorwicz*, 2009-

4

NMSC-009, ¶ 8; *see also State v. Moreland*, 2008-NMSC-031, ¶ 11, 144 N.M. 192, 185 P.3d 363 (noting that "the 2006 amendment to Rule 1-054.1 . . . superseded that portion of Section 39-1-1 which stated that many post-judgment motions were automatically denied if not granted within thirty days of filing").

**{13}**    Based on the foregoing, we conclude that the district court did not lose jurisdiction to consider the Division's motion to reconsider thirty days after the motion was filed. The Division timely filed its motion pursuant to Section 39-1-1, and the district court should have considered the merits of the Division's motion when it held the May 23 hearing to address the motion. The motion should not have been deemed denied solely by the passage of time.

**CONCLUSION**

**{14}**    We reverse and remand with instructions that the district court consider the merits of the Division's motion for reconsideration.

**{15}    IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**J. MILES HANISEE, Judge**

**Topic Index for *Rosales v. NM Taxation & Revenue Dept. MVD*, No. 31,433**

**CRIMINAL LAW**
Driving While Intoxicated

**CRIMINAL PROCEDURE**
Revocation of Driver's License

**JURISDICTION**
District Court

5