IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**Opinion Number: _____**

**Filing Date: May 13, 2014**

**Docket No. 32,531**

**STATE OF NEW MEXICO,**

> **Plaintiff-Appellee,**

**v.**

**FELIX ROMERO,**

> **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**George P. Eichwald, District Judge**

Gary K. King, Attorney General
Corinna Laszlo-Henry, Assistant Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

and

**Docket No. 32,598**

**STATE OF NEW MEXICO,**

> **Plaintiff-Appellee,**

**v.**

**JOSEPH SMITH,**

1

**Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Judith K. Nakamura, District Judge**

Gary K. King, Attorney General
Corinna Laszlo-Henry, Assistant Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## OPINION

**ZAMORA, Judge.**

**{1}** This case involves two appeals from two separate criminal actions, involving the State and two different Defendants. Because these appeals share a common issue of first impression, we address them together. The issue before us concerns the effect of the pendency of a defendant's post-judgment motion for modification of sentence upon the finality of the judgment. In light of recent developments, we conclude that the pendency of such a motion renders appellate review premature and dismiss the appeals for lack of jurisdiction.

## BACKGROUND

*Smith*

**{2}** Defendant was convicted of possession of a deadly weapon by a prisoner and sentenced to nine years. After the judgment and sentence was entered, Defendant filed a timely motion to reconsider pursuant to Rule 5-801 NMRA, arguing that the district court had failed to give him pre-sentence confinement credit to which he was entitled. The district court does not appear to have scheduled a hearing, and the record contains nothing to suggest that any formal ruling on the motion was rendered. Defendant filed a notice of appeal.

*Romero*

**{3}** Defendant was convicted of forty counts of sexual exploitation of children and duly sentenced. Twenty-one days thereafter Defendant filed three motions with the district court,

2

entitled "Motion to Modify Sentence," "Motion to Show Cause, for [W]itness [I]ntimidation," and "Motion to Remit to the Supreme Court of New Mexico, Writ of Error." Four days later Defendant filed yet another motion, entitled "Second Motion to Address Inefective (sic) Asstance (sic) of Counsel." It is not entirely clear under the auspices of which rule or rules Defendant filed the various post-judgment motions in this case. However, the motion to modify sentence specifically invokes Rule 5-801, and appears to be properly classified as such. The district court does not appear to have scheduled any hearing, and the record contains nothing to suggest that any formal ruling on the motions was ever rendered. Defense counsel later filed a notice of appeal.

### *The Appeal*

**{4}** After receiving both Defendants' docketing statements, but prior to assigning this case to any calendar, we issued an order outlining our jurisdictional concerns and requesting supplemental briefing. *See generally Smith v. City of Santa Fe*, 2007-NMSC-055, ¶ 10, 142 N.M. 786, 171 P.3d 300 ("[I]t is incumbent upon the appellate court to raise jurisdiction questions sua sponte when the Court notices them."); *Dixon v. N.M. Taxation & Revenue Dep't*, 2004-NMCA-044, ¶ 29, 135 N.M. 431, 89 P.3d 680 ("[J]urisdiction is basic to any appeal, and an appellate court may raise a jurisdictional issue sua sponte." (internal quotation marks and citation omitted)). We received submissions from all of the parties, which essentially agreed that the pendency of Defendants' motions should have the effect of suspending the finality of the underlying proceedings, such that the instant appeals are premature. Nevertheless, given the Court's responsibility to consider and resolve jurisdictional questions, we address the issue as follows. *See, e.g.*, *Gates v. N.M. Taxation & Revenue Dep't*, 2008-NMCA-023, ¶¶ 8-15, 143 N.M. 446, 176 P.3d 1178 (analyzing a jurisdictional issue relative to finality, despite the parties' agreement as to the matter).

### DISCUSSION

### I.     Finality of a Judgment

**{5}** Generally, a criminal action may only be appealed to this Court upon the entry of a final judgment. *See* NMSA 1978, § 39-3-3(A)(1) (1972). In criminal cases, either orders dismissing the charges, or judgments adjudicating guilt and imposing a sentence, are typically appealable. *See State v. Valerio*, 2012-NMCA-022, ¶ 12, 273 P.3d 12. However, as numerous recent rule changes and published opinions reflect, the finality of a judgment may be suspended by the timely filing of a motion for reconsideration. We have previously held that the timely filing of a motion for reconsideration by the state renders a preceding order of dismissal non-final for purposes of appeal. *See State v. Roybal*, 2006-NMCA-043, ¶¶ 16-17, 139 N.M. 341, 132 P.3d 598 (holding that the state's timely filing of a motion to set aside and a motion to reconsider suspended the finality of the preceding order of dismissal and tolled the time for appeal until the district court ruled on the motions, notwithstanding the absence of any rule or statute expressly authorizing the state to file the post-dismissal motion). With respect to post-judgment motions filed by criminal defendants,

we have authority indicating that the denial of a Rule 5-801 motion is a final, appealable decision. *State v. Neely*, 1994-NMSC-057, ¶ 5, 117 N.M. 707, 876 P.2d 222. However, we lack published authority addressing the effect of a *pending* Rule 5-801 motion upon finality.

{6}     To the extent that principles developed in the civil arena supply guidance, the pendency of a timely-filed motion for reconsideration generally has the effect of suspending the finality of the preceding judgment. *See generally Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 8, 145 N.M. 650, 203 P.3d 865 ("[W]hen a party makes a motion challenging the district court's determination of the rights of the parties . . . the decree is not final, and the time for filing an appeal does not begin to run, until the district court disposes of the motion."); *Dickens v. Laurel Healthcare, LLC*, 2009-NMCA-122, ¶ 6, 147 N.M. 303, 222 P.3d 675 ("[W]hen a . . . motion that challenges the district court's determination of the rights of the parties, is pending in the district court, the judgment or order entered by the district court remains non-final."). This has followed from relatively recent developments, chiefly driven by rulemaking activity, eliminating the various provisions by which such motions were historically deemed denied by operation of law. *See Albuquerque Redi-Mix, Inc. v. Scottsdale Ins. Co.,* 2007-NMSC-051, ¶¶ 13-16, 142 N.M. 527, 168 P.3d 99 (commenting on this phenomenon, and explaining that the rule amendments were intended to "clarify our policy . . . [that] there is no longer automatic denial of post-judgment motions"). Relatedly, the Supreme Court has altered and diminished the applicability of NMSA 1978, Section 39-1-1 (1917) (providing that the district courts retain jurisdiction over their judgments for a period of thirty days; motions directed against such judgments may be filed within this period of time, but if the district court fails to act upon such motions within thirty days, they are deemed denied). To this end, Rule 1-054.1 NMRA has been interpreted to require the district courts to enter written rulings on timely-filed post-judgment motions for reconsideration, thereby effectively superseding the automatic denial provision in Section 39-1-1 in civil cases. *See Albuquerque Redi-Mix, Inc.*, 2007-NMSC-051, ¶¶ 13, 15-16 (discussing the committee commentary to Rule 1-054.1); *Rosales v. N.M. Taxation & Revenue Dep't*, 2012-NMCA-098, ¶ 11, 287 P.3d 353 (observing, based on the committee commentary associated with Rule 1-054.1, that "the automatic denial provision in Section 39-1-1 no longer applies in any civil case").

{7}     There have been similar developments in relation to the Rules of Criminal Procedure. At least two of the rules governing post-judgment motions, Rule 5-801 and Rule 5-614 NMRA, were amended in 2009 to eliminate historical provisions by which such motions were deemed denied if no written ruling was entered within thirty days of filing. Also, Rule 5-121 NMRA was amended in 2009 to incorporate provisions that parallel Rule 1-054.1. Specifically, Subsections C and E of Rule 5-121 now provide that appropriate orders or judgments must be entered "within a reasonable time" and "[n]otwithstanding Section 39-1-1[.]" The committee commentary to Rule 5-121, for the 2009 amendments, indicates that these provisions were "intended to make clear that the automatic denial provision in Section 39-1-1 . . . has no application in cases subject to the Rules of Criminal Procedure[,]" and further provides that "all post-conviction motions are subject to the same requirement that the court shall enter judgments or orders promptly[.]" *See Albuquerque Redi-Mix, Inc.*, 2007-

4

NMSC-051, ¶ 13 ("While committee commentary is not binding on this Court, it is persuasive authority.").

**{8}** In light of the parallels between the amendments to the Rules of Civil Procedure and the Rules of Criminal Procedure, it is logical to conclude that the timely filing of a post-judgment motion pursuant to Rule 5-801 suspends the finality of the preceding judgment and sentence until such time as a written ruling upon the motion is entered.

**{9}** We acknowledge that there are countervailing considerations. It is noteworthy that Rule 12-201(D)(1) NMRA, which catalogs post-judgment motions that extend the time for filing notice of appeal until such time as a written ruling has been entered, contains no mention of any of the Rules of Criminal Procedure. In their briefs, the parties have characterized this as an oversight, rather than a deliberate omission. However, in the past this Court has taken the position that "the tolling provisions of Rule 12-201(D) . . . apply exclusively to post-trial motions filed under [the specifically listed] sources of authority[.]" *Capco Acquisub, Inc. v. Greka Energy Corp.*, 2007-NMCA-011, ¶ 16, 140 N.M. 920, 149 P.3d 1017. To the extent that Rule 12-201(D)(1) "enumerate[s] an exclusive list of post-trial motions that toll the time for filing a notice of appeal," *Capco Acquisub, Inc.*, 2007-NMCA-011, ¶ 16, an argument could be made that the omission reflects a deliberate intent to give different effect to post-judgment motions filed in criminal cases. Ultimately, however, we perceive no principled basis for drawing such a distinction. As we observed in the *Capco Acquisub* opinion itself, the tolling provision within Rule 12-201(D) is intended to apply with respect to motions that "have the potential to affect the finality of the underlying judgment" by "literally undo[ing] the judgment" or "alter[ing] the judgment in a material way." *Capco Acquisub, Inc.*, 2007-NMCA-011, ¶¶ 18-19. Insofar as motions for reconsideration in criminal cases could have such potential effects, *see id.* ¶ 19 (noting that "motions for new trial filed under Rule 5-614 in criminal cases would similarly threaten the finality of the underlying judgment"), disparate treatment of such motions would make little sense.

**{10}** We conclude that the failure of Rule 12-201(D)(1) to mention post-judgment motions filed pursuant to the Rules of Criminal Procedure should not preclude this Court from giving such motions their logical effect. *See generally Walker v. Walton*, 2003-NMSC-014, ¶ 11, 133 N.M. 766, 70 P.3d 756 ("We interpret the Rules of Criminal Procedure with logic and common sense to avoid absurd results.").

**{11}** We also acknowledge a temporal anomaly. Most of the civil rules governing post-judgment motions contain thirty-day filing deadlines. *See, e.g.*, Rule 1-050(B) NMRA; Rule 1-052(D) NMRA; and Rule 1-059(B) NMRA; *see also* § 39-1-1. *But see* Rule 1-060(B) NMRA. By contrast, Rule 5-801 authorizes the filing of a motion within ninety days of the entry of the judgment and sentence and also authorizes the filing of a motion within thirty days after the mandate has been issued on appeal. This might suggest that such motions should receive different treatment with respect to finality. After due consideration, however, we conclude otherwise. By way of analogy, we note that Rule 1-060(B) also authorizes filing

5

well beyond the standard thirty-day window, and it is expansive enough to allow for post-appellate proceedings. While Rule 1-060(B)(6) contains language specifying that the filing of such a motion has no impact on the finality of the preceding judgment, Rule 5-801 contains nothing similar. Furthermore, Rule 12-201(D)(1) has recently been expanded to include certain Rule 1-060(B) motions among the litany of other post-judgment motions which extend the time for filing notice of appeal. We therefore conclude that the ninety-day filing period associated with Rule 5-801 does not suggest that a different result should be reached in this case.

**{12}**   In Defendant Romero's supplemental brief, he suggests that in his case the jurisdiction of this Court does not depend upon the finality of the underlying judgment and sentence because a double jeopardy violation has been alleged. As support for this proposition he relies on *State v. Apodaca*, 1997-NMCA-051, 123 N.M. 372, 940 P.2d 478. *Apodaca* narrowly provides that the denial of a motion for relief from the burden of retrial on double jeopardy grounds is directly appealable. *Id.* ¶ 17 (holding that "a defendant has a constitutional right to appeal from an order denying a motion to dismiss a charge on the ground that trial of the charge would subject the defendant to double jeopardy"); *see State v. McClaugherty*, 2007-NMCA-041, ¶¶ 22-27, 141 N.M. 468, 157 P.3d 33 (discussing this principle), *rev'd on other grounds*, 2008-NMSC-044, 144 N.M. 483, 188 P.3d 1234. In this case, retrial is not an issue. As a result, the exception to the finality requirement articulated in *Apodaca* is inapplicable.

**{13}**   In summary, we conclude that Defendants' timely Rule 5-801 motions for reconsideration of their respective sentences, together with the district courts' failure to enter a written ruling thereupon, effectively render the underlying proceedings non-final and the instant appeals premature.

## II.    Mandate

**{14}**   In civil cases presenting similar finality problems, premature appeals are routinely dismissed. *See, e.g.*, *Dickens*, 2009-NMCA-122, ¶¶ 6-7. Notwithstanding this practice, we have been asked to consider some alternative remand arrangements.

**{15}**   Defendant Romero has requested that we remand this case to the district court with express instruction to resolve the pending motions within forty-five days or less. We acknowledge that the expeditious resolution of the pending motions[1] is optimum. *See* Rule 5-121 NMRA comm. cmt. (providing that "all post-conviction motions are subject to the same requirement that the court shall enter judgments or orders promptly"). However, we decline to interfere with the district court's management of its own docket in the manner suggested. *See generally State v. Ahasteen*, 1998-NMCA-158, ¶ 28, 126 N.M. 238, 968 P.2d

---

[1] In the interest of obviating any additional finality concerns, we note that express disposition of the remaining post-judgment motions would also appear to be advisable.

328 (observing that the authority of the district court to control its docket encompasses the power to "supervise and control the movement of all cases on its docket from the time of filing through final disposition" (internal quotation marks and citations omitted)), *abrogated on other grounds by State v. Savedra*, 2010-NMSC-025, 148 N.M. 301, 236 P.3d 20.

**{16}** In both of the appeals, the State has requested that we remand to the district court *without* dismissing the appeals, in the apparent belief that such would result in a faster resolution of the pending issues at the district court level and more expeditious appellate proceedings. We question whether such an approach would be permissible, given the jurisdictional situation. *See Thornton v. Gamble*, 1984-NMCA-093, ¶ 15, 101 N.M. 764, 688 P.2d 1268 ("If we do not have jurisdiction, we must dismiss."). And it is not clear to us that anything would be gained in the way of expediency by taking this questionable approach. We therefore decline to depart from the longstanding practice of both this Court and the New Mexico Supreme Court. *See, e.g.*, *Principal Mut. Life Ins. Co. v. Straus,* 1993-NMSC-058, ¶ 17, 116 N.M. 412, 863 P.2d 447 (dismissing an appeal for want of jurisdiction in the absence of a final, appealable order); *B.L. Goldberg & Assocs., Inc. v. Uptown, Inc.*, 1985-NMSC-084, ¶ 5, 103 N.M. 277, 705 P.2d 683 (dismissing an appeal for lack of jurisdiction where the district court had yet to enter a final order, such that the appeal was premature); *State v. Griego*, 2004-NMCA-107, ¶ 22, 136 N.M. 272, 96 P.3d 1192 (dismissing appeals for lack of jurisdiction where no final judgment had been entered); *State v. Garcia*, 1983-NMCA-017, ¶¶ 29-30, 99 N.M. 466, 659 P.2d 918 (dismissing appeal for want of jurisdiction where no final order had been entered).

## CONCLUSION

**{17}** For the reasons stated, we dismiss these appeals for lack of a final order, and remand to the district court for further proceedings.

**{18}** **IT IS SO ORDERED.**

_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Judge**

_____

**MICHAEL E. VIGIL, Judge**