This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                      **NO.   32,564**

**MANUEL FERNANDEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Sarah C. Backus, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Jane A. Bernstein, Assistant Attorney General
Albuquerque, NM

for Appellee

Law Office of the Public Defender
Jorge A. Alvarado, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

# MEMORANDUM OPINION

**KENNEDY, Chief Judge.**

{1}    Manuel Fernandez (Defendant) appeals from his conviction for criminal damage to property valued in excess of $1,000 on the grounds of insufficiency of the evidence. He also appeals from his sentencing as a habitual offender, arguing that the State made no prima facie showing of three prior usable felonies. The State responds that Defendant has a motion to reconsider sentence pending and, therefore, his judgment and sentence lacks finality.

## I.    BACKGROUND

{2}    Defendant filed a motion for reconsideration of his sentence on August 29, 2012, stating that the State had provided the district court with "inadmissible evidence to prove Defendant's alleged priors" and that he had additional mitigating factors to present. Judgment and sentence were entered against Defendant on October 22, 2012, and a hearing on his motion to reconsider was scheduled for November 27. Defendant filed a notice of appeal with this Court on November 13, 2012. At the hearing on the motion to reconsider, the district court concluded that it did not have jurisdiction to rule on the motion as a result of Defendant's appeal.

## II.    DISCUSSION

{3}    Rule 5-801(B) NMRA permits the district court to exercise its discretion to correct or reduce sentences in response to a defendant's timely motion. *State v. Herbstman*, 1999-NMCA-014, ¶ 8, 126 N.M. 683, 974 P.2d 177. Once a defendant files a notice of appeal, the district court typically loses jurisdiction over the case for the pendency of the appeal. *State v. Garcia*, 1983-NMCA-017, ¶ 15, 99 N.M. 466, 659 P.2d 918. In cases in which a defendant has made a proper motion for sentence modification under Rule 5-801, however, the district court must resolve the motion prior to the appeal in order to establish finality. *State v. Romero*, 2014-NMCA-063, ¶ 5, 327 P.3d 525. The matter cannot be appealed until the district court demonstrates that finality formally by means of a written ruling. *Id.* ¶ 8.

{4}    Here, Defendant's motion to reconsider his sentence was properly made pursuant to Rule 5-801, stating that he wished to present additional mitigating factors to the district court. It is within the district court judge's discretion to consider mitigating factors during sentencing and even to reduce the defendant's sentence if the judge deems it appropriate. *Swafford v. State*, 1991-NMSC-043, ¶ 40, 112 N.M. 3, 810 P.2d 1223. The district court retained jurisdiction to address the motion on those grounds. *Romero*, 2014-NMCA-063, ¶ 5. Nonetheless, the district court declined to rule on the motion after Defendant filed his appeal, stating that it would not consider the matter because "the Court of Appeals will be able to make [that] decision."

{5} Under *Romero*, the district court must first issue a formal ruling on motions to reconsider sentence under Rule 5-801 before a defendant may appeal. *Id.* In this case, the district court has not yet produced a formal, written ruling on Defendant's motion for reconsideration of his sentence, nor has he withdrawn the motion. Therefore, with the motion still unresolved, this case lacks the finality required for appellate review.

**III.    CONCLUSION**

{6} For the reasons stated above, we hereby dismiss Defendant's appeal for lack of a final order.

{7}    **IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Chief Judge**

**WE CONCUR:**

_____

**MICHAEL E. VIGIL, Judge**

_____

**M. MONICA ZAMORA, Judge**