This memorandum opinion was not selected for publication in the New Mexico Appellate Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **NO. 34,420**

**MOISES TERRAZAS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James Waylon Counts, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Sergio Viscoli, Appellate Defender
David Henderson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Chief Judge.**

{1}     Defendant seeks review of the district court's judgment and sentence, convicting him for escape or attempt to escape from jail and sentencing him to five and a half years based on an habitual offender enhancement. We observed that Defendant filed a timely motion to amend his sentence under Rule 5-801 NMRA, asking the district court to increase his presentence confinement credit. [RP 179-80] We explained that the defendant's timely Rule 5-801 motion[] for reconsideration of [his] sentence[], together with the district court['s] failure to enter a written ruling thereupon, effectively render[s] the underlying proceeding[] non-final and the instant appeal[] premature." *State v. Romero*, 2014-NMCA-063, ¶ 13, 327 P.3d 525. Accordingly, we proposed to dismiss Defendant's appeal for lack of a final, appealable order, and remand to the district court for further proceedings. Defendant has responded to our notice with a memorandum in support. We remain persuaded that Defendant has sought to appeal from a non-final order and that his appeal is premature.

{2}     We note that although Defendant agrees that the judgment is non-final, he seems to believe that his motion is more properly considered a habeas under Rule 5-802 NMRA, on the basis that he seeks correction of an illegal sentence. [MIS 2] We are not persuaded that Defendant's motion, filed within thirty days of the judgment and sentence, [RP 169, 179] should be considered a motion seeking habeas relief and

2

cannot be considered a Rule 5-801 motion, which is the authority under which Defendant sought to reduce his sentence. [RP 179] *See State v. Duhon*, 2005-NMCA-120, ¶¶ 16-17, 138 N.M. 466, 122 P.3d 50 (rejecting the State's argument that an improper denial of presentence confinement credit presented a situation where the sentence was illegal or subject to wholesale revision). Therefore, we treat Defendant's post-conviction motion for increased presentence confinement credit as one filed pursuant to Rule 5-801.

{3} Lastly, to the extent that Defendant's memorandum in support of our notice asks that we dismiss his appeal without prejudice, [MIS 4] this would be a dubious exercise of our jurisdiction that we will not pursue, as recognized in *Romero*, 2014-NMCA-063, ¶ 16. *See also Duhon*, 2005-NMCA-120, ¶¶ 14-17 (rejecting alternative remand and dismissal arrangements and proceeding to dismiss with prejudice for lack of jurisdiction, consistent with our practice in civil cases). Accordingly, we simply dismiss and remand to the district court for further proceedings. Defendant may pursue the instant appeal and any matters relative to his motion to reconsider the sentence after the district court has entered a final, written order disposing of his motion. *See Romero*, 2014-NMCA-063, ¶ 8 (stating that "the timely filing of a post-judgment motion pursuant to Rule 5-801 *suspends* the finality of the preceding

judgment and sentence until such time as a written ruling upon the motion is entered" (emphasis added)).

{4}    **IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Chief Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**M. MONICA ZAMORA, Judge**

4