STATE V. CUMMINGS

This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**STATE OF NEW MEXICO,**
**Plaintiff-Appellee,**
**v.**
**JOSEPH CUMMINGS,**
**Defendant-Appellant.**

Docket No. A-1-CA-35956
COURT OF APPEALS OF NEW MEXICO
May 21, 2019

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY, David N. Williams, District Judge

**COUNSEL**

Hector H. Balderas, Attorney General, Emily C. Tyson-Jorgenson, Assistant Attorney General, Santa Fe, NM for Appellee

Aarons Law Firm PC, Stephen D. Aarons, Santa Fe, NM for Appellant.

**JUDGES**

BRIANA H. ZAMORA, Judge. WE CONCUR:  JULIE J. VARGAS, Judge, JENNIFER L. ATTREP, Judge

**AUTHOR:** BRIANA H. ZAMORA

**MEMORANDUM OPINION**

**B. ZAMORA, Judge.**

**{1}**     Defendant Joseph Cummings appeals his conviction for criminal sexual contact of minor, contrary to NMSA 1978, Section 30-9-13(B) (2003). The district court did not rule on the motion for new trial filed by Defendant below, making appellate review premature. Therefore, we dismiss Defendant's appeal for lack of finality.

**BACKGROUND**

**{2}** On May 6, 2016, the jury returned a guilty verdict on the charge of criminal sexual contact of a minor. The district court then sentenced Defendant on May 10, 2016, and filed a judgment, sentence, and commitment on May 13, 2016. On May 16, 2016, Defendant timely filed a motion for new trial pursuant to Rule 5-614 NMRA and filed a supplement to the motion on May 25, 2016. Based on our review of the record, the district court never ruled on Defendant's motion nor has Defendant withdrawn his motion. Defendant then filed a notice of appeal on June 10, 2016. On February 25, 2019, Defendant's current counsel filed a motion to allow withdrawal and substitution of counsel, which this Court denied without prejudice pursuant to Rule 12-309(C) NMRA.

**{3}** We issued an order to show cause on April 9, 2019, requiring Defendant to explain why this Court should not dismiss his appeal for lack of a final order. On April 22, 2019, Defendant filed a pro se response to our order to show cause. On April 24, 2019, Defendant's current counsel filed an untimely response to the order to show cause and Defendant's pro se response. In his response, Defendant's counsel agrees that the district court failed to rule on the motion for new trial. Without citing to any authority, Defendant's counsel suggests "[i]t may be appropriate to grant a limited remand to the district court to rule upon the pending motion."

## DISCUSSION

**{4}** The issue before us is whether the district court's failure to rule on Defendant's motion for new trial bars his appeal for lack of finality. "With narrow and well-defined exceptions, appellate court jurisdiction is limited to timely appeals from final judgments or orders that are properly filed of record with the lower court." *State v. Lohberger*, 2008-NMSC-033, ¶ 19, 144 N.M. 297, 187 P.3d 162. This Court must dismiss a case when it does not have jurisdiction. *See Thornton v. Gamble*, 1984-NMCA-093, ¶ 15, 101 N.M. 764, 688 P.2d 1268 (stating "[i]f we do not have jurisdiction, we must dismiss."). Although neither party raised this issue, it is incumbent upon this Court to raise questions of jurisdiction sua sponte. *State v. Romero*, 2014-NMCA-063, ¶ 4, 327 P.3d 525.

**{5}** Defendant timely filed his motion for new trial pursuant to Rule 5-614(A), which permitted the district court to "grant a new trial if required in the interest of justice." *See also* 5-614(C) NMRA ("A motion for new trial based on . . . grounds [other than newly discovered evidence] shall be made within ten (10) days after verdict or finding of guilty or within such further time as the court may fix during the ten (10) day period."). Defendant's filing of the motion for new trial under Rule 5-614 "threaten[ed] the finality of the underlying judgment." *Capco Acquisub, Inc. v. Greka Energy Corp.*, 2007-NMCA-011, ¶ 19, 140 N.M. 920, 149 P.3d 1017.

**{6}** Rule 12-201(D)(1) NMRA provides that, when certain post-trial motions are filed, such as a motion for new trial, "the full time prescribed in this rule for the filing of the notice of appeal shall commence to run and be computed from the *filing of an order* expressly disposing of the last such remaining motion." (emphasis added); *see also* Rule 12-201(D)(1)(b) (indicating that a motion for new trial filed pursuant to Rule 5-614

implicates Rule 12-201(D)(1)). Appellate review is premature when a timely-filed motion for new trial has not been expressly disposed of by district court order or withdrawn by the defendant. *See* 12-201(D)(4) (stating "[a] timely notice of appeal filed before the express disposition by order, the automatic denial, or the withdrawal of any timely filed motion . . . does not divest the district court of jurisdiction to dispose of the motion."); *Romero*, 2014-NMCA-063, ¶ 13 (concluding that the defendant's timely filing of a post-judgment motion, and the district court's failure to enter a written ruling thereupon, "effectively render[s] the underlying proceedings non-final and the instant appeal[] premature"). It is immaterial to our conclusion that Defendant filed a notice of appeal before the district court ruled on the motion for new trial because the notice of appeal did "not divest the district court of jurisdiction to dispose of" the motion. Rule 12-201(D)(4).

{7}    Defendant's case lacks the finality required for appellate review and, accordingly, this appeal is dismissed. We note that dismissal of this appeal does not preclude Defendant from filing another appeal once there is a final judgment. *See Romero*, 2014-NMCA-063, ¶ 8 (concluding that the timely filing of a post-judgment motion pursuant to Rule 5-801 NMRA suspends the finality of the preceding judgment and sentence until a written ruling upon the motion is entered). Consequently, we urge the district court to expeditiously rule on Defendant's motion for new trial. Moreover, any future motions to withdraw as counsel and/or requests for appointment of a public defender should be filed with the district court.

**CONCLUSION**

{8}    For the foregoing reasons, we dismiss Defendant's appeal for lack of a final order and remand to the district court for further proceedings.

{9}    **IT IS SO ORDERED.**

**BRIANA H. ZAMORA, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**JENNIFER L. ATTREP, Judge**